**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**RICHARD MCGRAIL,**

                Petitioner,

                                                            **9:08-CV-111**
      v.                                                      **(GLS/RFT)**

**SUPERINTENDENT, Collins Corr.
Facility,**

                Respondent.

_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PETITIONER:**

RICHARD MCGRAIL
Petitioner, *Pro Se*
Last Known Address:
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440

**FOR THE RESPONDENT:**

HON. ERIC T. SCHNEIDERMAN      THOMAS B. LITSKY, ESQ.
New York State Attorney General
120 Broadway
New York, New York 10271

**Gary L. Sharpe
Chief Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* petitioner, Richard McGrail. Accordingly, it considers *sua sponte* McGrail's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On January 30, 2008, Richard McGrail filed a petition for a writ of *habeas corpus* with the Western District of New York and the case was transferred to the Northern District of New York under seal. *See Dkt. No. 1*. On March 28, 2008 an order was issued granting the petitioner's *in forma pauperis* application. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 5. However, the petitioner has not complied with the portion of this order in regards to promptly notifying the Clerk's Office and counsel of any change in his address. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern

District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.**  The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action.  The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, McGrail has acknowledged this obligation on two occasions by filing a notice of change of address.  *See Dkt. No.* 9 *and* 28.

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On November 14, 2011, the court issued a Report-Recommendation recommending that the petition for a writ of habeas be

3

denied. That because the Court finds Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See Dkt. No.* 30. On November 28, 2011, the court ascertained from DOCCS Inmate Locator that the petitioner was transferred to Mohawk Correctional Facility. A copy of the Report-Recommendation was sentenced to the petitioner at his new address. On December 7, 2011, the court further ascertained from DOCCS Inmate Locator that the petitioner was released on parole.

On December 28, 2011, the Court issued an order directing McGrail to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No.* 31. The court warned McGrail that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to the last known address of the petitioner.

On January 3, 2012, McGrail's copy of the order was marked return to sender - Left No Forwarding Address, Paroled 12/7/11. See Dkt. No. 32.

For the orderly disposition of cases, it is essential that litigants honor

their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

McGrail's failure to provide this court with a change of address

warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute.

The above-captioned matter comes to this court following a Report-Recommendation by Magistrate Judge Randolph F. Treece, duly filed November 14, 2011. Following ten days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the Magistrate Judge's Report-Recommendation for clear error, it is hereby

**ORDERED**, that the Report-Recommendation of Magistrate Judge Randolph F. Treece filed November 14, 2011 (Dkt. No. 30) is ACCEPTED in its entirety for the reasons state therein, and it is further

**ORDERED** that McGrail's petition for writ of habeas corpus is denied and that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability will be issued with respect to any of Petitioner's claims, See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue....only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New

York State Div. of Parole, 209 F.3d 107,112 (2d Cir. 2000), cert. denied 531 U.S.873 (2000) for the reasons articulated in the Report-Recommendation and Order and for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's December 28, 2011 order, and it is further

    **ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption in accordance with the local rules; and it is further

    **ORDERED** that the Clerk serve petitioner at his last known address.


    **SO ORDERED.**

**Dated:**     **January 24, 2012**
              **Albany, New York**

*Gary L. Sharpe*
U.S. District Judge